## MARY LLOYD *vs.* JOSEPH CONOVER.

1. If land be devised charged with the payment of a legacy, and be sold by virtue of a judgment at law obtained against the devisee for the amount of the legacy, the sheriff's deed conveys only the title of the devisee at the entry of the judgment, subject to encumbrances created by the devisee before entry of the judgment since the death of the testator, and subject to the right of dower in the wife of such devisee. The purchaser under such judgment can have no protection from the lien of the legacy.

2. If a woman marry a man entitled to an undivided share in lands, and after the marriage a valid partition be made by the husband or by operation

of law, the wife is entitled to dower in the share partitioned or set off to her husband only, and not in his undivided share of the whole.

3. A parol partition of lands is not made valid by possession for five or six years under and according to it, and such partition not made valid by lapse of time, at the death of the tenant in common does not become a valid partition as against his widow demanding dower, because the additional time of separate possession that has elapsed since his death would have established the partition against him.

4. The widow of a man who was seized during coverture of an undivided third of a tract of land, of which no valid partition was made in the husband's life, is entitled to have one-ninth of the whole tract set off as her dower.

This was an action of dower, brought by Mary Lloyd, the demandant, in the Monmouth Circuit, and came before this court, upon a case stated by the judge of the Monmouth County Circuit Court, for their advisory opinion. The facts of the case upon which the questions arose fully and distinctly appear in the opinion of the court, delivered by the Chief Justice.

The cause was argued before the CHIEF JUSTICE and Justices OGDEN and POTTS, by *Vredenburgh* and *Dayton*, for the demandant, and by *Robeson* and *Nevius*, for the defendant.

THE CHIEF JUSTICE. The case certified in this court embodies not merely the facts upon which the opinion of this court is asked, but the entire evidence given at the circuit. All the material facts, however, appear to be undisputed, so far as they bear upon the points submitted for consideration.

Mary Lloyd, the demandant, seeks to recover dower in a tract of land whereof her husband, William L. Lloyd, in his lifetime stood seized. Joseph Lloyd, the father of the demandant's husband, died seized of a large tract of land, including the premises in question, on the 7th of March, 1812. By his will, duly executed to pass real estate, he devised all his real estate to his sons, charged with the payment of a legacy of £1000 York currency, or

$2500, to each of his daughters, Sarah, Elizabeth, and Mary. He left surviving him three sons, John, Elisha, and William L., the husband of the demandant, who, upon the death of their father, became seized, each, of an equal undivided third part of his real estate, subject to the payment of the aforesaid legacies to their sisters. William L. Lloyd, being thus seized, was married to the demandant on the 18th of November, 1812, and died on the 4th of March, 1833, leaving the demandant his widow. The action was commenced on the 15th of March, 1850.

The legacies to their sisters remaining unpaid, on the 25th of February, 1820, John, Elisha, and William L. Lloyd executed to their sisters, Sarah and Elizabeth, a judgment bond in the penal sum of $12,667.46, to secure the payment of $6333.73, the amount of the legacies bequeathed to them by the will of their father, with interest. Judgment upon this bond was entered in the Court of Common Pleas of the county of Monmouth, on the 26th of February, 1820, and execution issued thereon, Mary Lloyd, the third daughter of Thomas Lloyd, intermarried with Richard Vermule. On the 11th of May, 1819, Richard Vermule and wife recovered against John, Elisha, and William L. Lloyd, in this court a judgment in debt for $2325.06, the balance of the legacy bequeathed to the said Mary by the will of her father, with interest, and caused execution to be issued thereon to the sheriff of Monmouth. By virtue of these two writs of execution, the sheriff levied upon all the real estate devised to the defendants, John, Elisha, and William L. Lloyd, by their father, subject to legal encumbrances, and sold and conveyed the same, agreeably to law, to Joseph H. Vanmater, by deed bearing date on the 13th of September, 1821, for the consideration of $6640.62. The title thus conveyed to Joseph H. Vanmater, on the 1st of April 1845, became vested in Joseph Conover, the defendant in this suit.

On the 15th of January, 1817, John Lloyd mortgaged

his undivided third part of the real estate of his father to Theodore F. Talbot. This mortgage was prior, in point of time, to the judgments confessed to his sisters. Encumbrances were also created on the shares of Elisha and William L. Lloyd prior to the confession of the judgments to their sisters.

The land conveyed by the sheriff to Joseph H. Vanmater embraced 520.91 acres. It consisted of two farms, the one known as the Lloyd farm, containing 300 acres, the other as the Shepherd farm, containing 220.91 acres. By virtue of some parol agreement prior to the sheriff's sale, John Lloyd had taken the Shepherd farm as his part of the land devised by his father, William and Elisha holding the Lloyd farm as their share. The sheriff's deed to Vanmater included both farms; but John's share having become vested in Talbot by virtue of an encumbrance prior to the judgments, Vanmater took only that part of the land belonging to William and Elisha, to wit, the Lloyd farm. He abandoned the Shepherd farm as John's share, and never took possession of it, although included in his deed.

In the year 1826, Joseph H. Vanmater holding the Lloyd farm as the shares of William and Elisha, and Theodore N. Talbot holding the Shepherd farm as the share of John Talbot applied to the Supreme Court for partition. The commissioners made partition corresponding with the parol partition previously made, but the report was lost before confirmation, and the proceedings became a nullity. The lands are still held agreeably to the parol partition; the Shepherd farm having passed as John's share under the title of Talbot to Sally Lloyd, and the Lloyd farm, having passed as the share of William and Elisha under the title of Vanmater, to Joseph Conover, the defendant.

Upon the foregoing state of facts, the advisory opinion of this court is asked by the Circuit upon two points, viz:

1. Is the defendant entitled to dower in the premises in controversy?

2. If so entitled, to what proportion?

William L. Llyod, the husband of the defendant, was seized of the premises during coverture. The claim is not barred by the statute of limitations, less than twenty years having elapsed between the death of the husband and the commencement of this suit. The defendant is therefore entitled to her dower, unless the sale and conveyance of the land by the sheriff to satisfy the legacies to the daughters of Thomas Lloyd passed the title to the purchaser clear of all encumbrances created after the death of the testator. The case admits that the legacies were a charge upon the land in the hands of the devisees. It was at the option of the legatees to proceed in equity for an enforcement of the lien upon the land, or to adopt any other mode for its recovery. They elected not to proceed against the land alone by virtue of their lien, but against the persons and estates of the defendants by judgment and execution at common law. In this mode the legacies were satisfied by a sale of the real estate. Admitting that the entry of the judgment did not extinguish the lien of the legacies, in case they had remained unsatisfied, the case is not altered. The question is, not what was the lien of the legacy under the will, but what was the lien of the judgment. When did that take effect? A judgment derives its efficacy, not from the nature of the debt which forms the consideration of the judgment, but from the statute. By operation of the statute, every judgment becomes a lien upon land only from the time of its entry. No judgment shall affect or bind any lands but from the time of the actual entry of such judgment on the minutes or records of the court. *Rev. Stat.* 660, § 2. The execution or sale by virtue of the judgment can affect no interest not bound by the judgment. The stream cannot rise higher than the fountain. Vanmater, under the sheriff's

sale by virtue of the judgments confessed to satisfy the legacies, took not the interest of the defendants in execution at the death of their father, but their interest at the entry of the judgment. This is all the interest that the sheriff was authorized by the judgment to take and sell. This is all that the deed purports to convey, viz : the interest of the defendants at the time of the entry of the judgments. The purchaser took, therefore, subject to all the encumbrances created upon the land prior to the entry of the judgment. He took, consequently, subject to the encumbrance of the dower of the demandant. That right, though inchoate, was vested immediately upon her marriage with William L. Lloyd. Upon the first point, we are of opinion that the demandant is entitled to dower in the premises owned by the defendant.

The proportion to which the demandant is entitled, by way of dower out of the lands of the defendant, depends upon the question, whether she shall have her dower out of the undivided interest of which her husband was seized, the whole real estate devised by Thomas Lloyd to his sons, or out of that part of the estate which was, under a parol partition, taken by Vanmater, and subsequently by the defendant, as the share of William L. Lloyd, the husband of the demandant? At the time of her marriage, the wife became entitled to an inchoate right of dower in the undivided interest of her husband in the whole real estate devised by Thomas Lloyd to his sons. Upon a valid partition made by her husband, or by authority of law, whereby his share became vested in him in severalty, the wife's dower must have been taken out of the share so allotted. But no partition was made by authority of law, nor does it appear by the case that any parol partition was made by the husband of the demandant, or with his knowledge or consent. If made by him, it does not appear that the land was held by him pursuant to the partition, for such length of time as to become binding upon

him or those holding under him. A parol partition, accompanied by a corresponding possession for five or six years, is not binding and conclusive at law upon the original tenants or those holding under them. *Woodhull v. Longstreet*, 3 *Harr.* 405.

If the husband was not bound by the partition, neither is the wife. Her rights cannot be prejudiced by the acts of strangers. Admitting, therefore, that the partition has become valid by lapse of time, as between the owners of the respective shares, the widow is nevertheless to be endowed out of the parcels held by the several tenants.

The demandant is entitled to be endowed of her husband's share, or one equal third part of the lands devised by Thomas Lloyd to his sons, and of which the husband stood seized at the time of his marriage to the demandant. She is consequently entitled to one-third of one-third, or to one-ninth, of the land owned by the defendant.

There can be no doubt, upon the terms of the will, that the devisees under the will of Thomas Lloyd took as tenants in common, and not as joint tenants. This devise is to his sons, their heirs and assigns, the lands " to be divided in quantity and quality alike to each." If it were otherwise, it does not lie in the defendant's mouth to deny the title of William L. Lloyd, under whom he claims title. The objection, moreover, would be fatal to his own interests.

Let it be certified to the Circuit Court of the county of Monmouth, as the advisory opinion of this court upon the first point submitted, that the defendant is entitled to dower in the premises in controversy ; and upon the second point submitted, that she is entitled to one-third of one-third, or one equal ninth part of the said lands, as her dower in the same.

Justices OGDEN and POTTS concurred.

CITED *in Polhemus v. Empson*, 12 *C, E. Gr.* 194.